UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY WILSON,

    Plaintiff,

v.

RON BRONE, *et al.*,

    Defendants.
_____/

Case No. 22-cv-11337
Hon. Matthew F. Leitman

## ORDER DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1) WITHOUT PREJUDICE

In this action, Plaintiff Ray Wilson alleges that the Defendants violated his civil rights when they committed various acts of misconduct in connection with his state-court prosecution. (*See* Compl., ECF No. 1.) Shortly after Wilson filed his Complaint, the Court issued a notice to Wilson informing him that under the Court's local rules, it was his obligation "to promptly file a notice with the Clerk and serve a copy of the notice on all parties whenever [his] address, e-mail address, phone number and/or other contact information changes" (the "Change of Address Notice"). (*See* Change of Address Notice, ECF No. 5, citing E.D. Mich. Local Rule 11.2.) The Change of Address Notice warned Wilson that the "[f]ailure to promptly notify the court of a change in address or other contact information may result in the dismissal of [his] case." (*Id*., PageID.39.)

1

On June 6, 2023, the Court ordered Wilson to update the Court, in writing, on the current status of his state-court criminal proceedings. (*See* Order, ECF No. 6.) The Court warned Wilson that if he did not respond to the Court's order by July 12, 2023, the Court could dismiss his case. (*See id.*, PageID.41.) The Court served Wilson with a copy of June 6 order by mailing a copy of the order to the address Wilson provided the Court. (*See* Dkt.)

On June 21, 2023, the Court's June 6 order returned to the Court as undeliverable. (*See* ECF No. 7.) The return of the Court's order as undeliverable indicates that Wilson has failed to comply with Local Rule 11.2 by informing the Court of his current mailing address. This is not a mere technical violation of the rules. Without a current address, the Court has no way of administering this civil action. Nor has Wilson contacted the Court, responded to the Court's June 6 order as directed, or taken any other action to prosecute this action. The Court therefore concludes that dismissal of Wilson's Complaint without prejudice is appropriate. *See, e.g.*, *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Alam v. Carvajal*, 2020 WL 4583837, at *2 (E.D. Mich. Aug. 10, 2020) (explaining that plaintiff's case was "subject to dismissal" due to plaintiff's failure to comply with Local Rule 11.2 by providing an updated mailing address).

Accordingly, for all of the reasons stated above, and because Wilson has failed to comply with Local Rule 11.2 by updating his current address, **IT IS HEREBY ORDERED** Wilson's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. The Court further concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126